IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KELLY M. HOLT                                                                PLAINTIFF

V.                                        NO. 15-5227

CAROLYN W. COLVIN,
Acting commissioner of the Social Security Administration              DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Kelly M. Holt, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff filed her current application for DIB on March 28, 2012, alleging an inability to work since December 31, 2010, due to scoliosis, back pain L1 and right tibia fracture, abrasions, numbness and burning down to the knees, low back pain from waist down to right hip and sacrum, poor sleep, and rotator cuff damage spurring right shoulder. (Doc. 10, pp. 115-117, 143, 146). An administrative hearing was held on December 18, 2013, at which Plaintiff appeared with counsel and testified. (Doc. 10, pp. 29-55).

By written decision dated May 23, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – residuals of traumatic injuries, i.e., complex fracture at L1, degenerative disc disease in her

1

thoracic and lumbar spine, scoliosis, right shoulder impingement, right knee fractures, status postoperative, and obesity. (Doc. 10, p. 16). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 10, p. 17). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a). (Doc. 10, p. 17). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be capable of performing her past relevant work as a telephone solicitor. (Doc. 10, p. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional information, and denied that request on July 29, 2015. (Doc. 10, pp. 5-8). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the

2

record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience.  See

20 C.F.R. §404.1520.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §404.1520,  abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §404.1520.

III.   **Discussion**:

Plaintiff raises the following issues in this matter: 1) Whether the ALJ erred in his credibility analysis; and 2) Whether the ALJ failed to properly weigh the opinion of Plaintiff's treating orthopedic specialist, Dr. John Park. (Doc. 8).

**A.  Credibility Analysis:**

Plaintiff argues that the ALJ discounted her complaints, indicating there was no medical evidence that additional surgeries had been recommended, and that the ALJ erred in relying on Plaintiff's limited daily activities to discredit allegations of disabling impairments. Plaintiff also argues that she used a cane occasionally, and that her orthopedist "recommended" a "trek" pole because it was steadier. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

4

In his decision, the ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible. (Doc. 10, p. 14). The ALJ discussed Plaintiff's daily activities, noting that she made short trips to the grocery store, tried to swim two times per week, could carry a bag of groceries weighing 10 pounds, and could sit in a regular chair a maximum of 45 minutes. (Doc. 10, p. 14). The ALJ also discussed the fact that the records indicated that Plaintiff was able to attend to her personal care, prepare her own meals (sandwiches or quick/easy foods), prepare full meals and do household chores with breaks and help from her family, drive short distances, shop for groceries and clothing, play music (guitar and piano) occasionally, attend church on Sundays and Wednesdays, and visit her brother twice a month. (Doc. 10, p. 16). The ALJ also recognized that Plaintiff reported she used a cane occasionally for walking long distances and in wet conditions, but noted that it was not prescribed by a doctor, and that the current medical record did not show that an assistive device for ambulation was recommended. (Doc. 10, p. 16).

With respect to possible surgery, Dr. Park indicated in 2011 and 2012 that Plaintiff was not a candidate for a knee replacement. (Doc. 10, pp. 362, 404). In August of 2014, Dr. Andrew D. Heinzelmann reported that based on a July 2014 MRI, Plaintiff was a candidate for an arthroscopic procedure on her right shoulder. (Doc. 10, pp. 523, 524). However, this record was not before the ALJ at the time of the May 23, 2014 decision. Nevertheless, the Appeals Council considered the additional record, and determined that the additional evidence did not provide a basis for changing the ALJ's decision. (Doc. 10, p. 6).

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. The Court then has no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires the Court to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997). Thus, the Court has endeavored to perform this function with respect to the newly submitted evidence.

The Court has considered the additional evidence that was presented to the Appeals Council, and although in August of 2014, Dr. Heinzelmann reported Plaintiff was a candidate for an arthroscopic procedure on her right shoulder, on June 2, 2014, Dr. Susan Raben-Taylor reported that Plaintiff's motor strength was 5/5 in all muscle groups in the upper extremities and lower extremities. (Doc. 10, p. 541). Dr. Raben-Taylor did report that lifting Plaintiff's arm to the side and overhead bothered her, and diagnosed her with rotator cuff syndrome, but the Court does not believe this would have changed the ALJ's result, as the job that he found Plaintiff could perform – telephone solicitor - required only occasional reaching. Dictionary of Occupational Titles § 299.357-014.

6

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility analysis.

**B.  Weight Given to Treating Physician's Opinion:**

Plaintiff argues that Dr. Park, Plaintiff's treating physician, is an orthopedic surgeon, and that the ALJ erred by discounting Dr. Park's opinion contained in his Medical Source Statement, dated March 11, 2013. With respect to weight given to the opinions of treating physicians, "[a] claimant's treating physician's opinion will generally be given controlling weight, but it must be supported by medically acceptable clinical and diagnostic techniques, and must be consistent with other substantial evidence in the record."  Andrews v. Colvin, No. 14-3012, 2015 WL 4032122 at *3 (8th Cir. July 2, 2015)(citing Cline v. Colvin, 771 F.3d 1098, 1102 (8th Cir. 2014).  "A treating physician's opinion may be discounted or entirely disregarded 'where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" Id.  "In either case-whether granting a treating physician's opinion substantial or little weight-the Commissioner or the ALJ must give good reasons for the weight apportioned." Id.

In his decision, the ALJ acknowledged the fact that normally, Dr. Park's opinion would be afforded greater weight because he is a treating physician. (Doc. 10, p. 21). However, the ALJ concluded that Dr. Park's opinion was more limiting than the evidence of record would support. (Doc. 10, p. 21). On March 7, 2012, Dr. Park reported that Plaintiff had full motion of her shoulder, and wanted her to "avoid jerking or heavy lifting with the right shoulder." (Doc. 10, p. 360)  On January 14, 2013, Dr. Park reported that the previous injections in Plaintiff's shoulder and knee "really helped," and she desired additional

7

injections. (Doc. 10, p. 429). Dr. Park wanted Plaintiff to continue with her regular program of exercises to the extremities. (Doc. 10, p. 429).

One month later, on February 14, 2013, Dr. Park completed a one-page check-marked form, diagnosing Plaintiff with degenerative arthritis in her right knee and impingement in her right shoulder. (Doc. 10, p. 439). At that time, he believed Plaintiff would need to alternate sitting, standing, walking and reclining, elevate her right lower leg as needed, avoid repetitive use of her right dominant upper arm, and take additional breaks. He noted that Plaintiff was being treated by synvisc lubricant to her right knee and injections to her right shoulder. "A treating physician's checkmarks on [a medical source statement] form are conclusory opinions that may be discounted if contradicted by other objective medical evidence in the record." Cain v. Barnhart, 197 Fed. Appx. 531, 533 (8th Cir. 2006). In addition, the record must be evaluated as a whole. See Reece v. Colvin, No. 15-2460, slip op at 6 (8th Cir. Aug. 24, 2016). The ALJ found that the severe limitations Dr. Park assessed on February 14, 2013 did not seem consistent with his treatment records over the previous year. Considering the record as a whole, the Court agrees and finds the ALJ gave sufficient reasons for discounting the check-marked Medical Source Statement of Dr. Park.

### C.  Hypothetical Question to VE:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical questions the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).  Accordingly, the Court finds that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff would be able to perform her past relevant work as a telephone solicitor. Pickney v.

<u>Chater</u>, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.     Conclusion**:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.   The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 24th day of August, 2016.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE